# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SHADDEN, JR.,<br><br>        Petitioner,<br><br>  v.<br><br>DERRAL G. ADAMS, Warden,<br><br>        Respondent. | 1:10-CV-00298 SMS HC<br><br>ORDER DISMISSING DUPLICATIVE PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has returned his consent/decline form indicating consent to Magistrate Judge jurisdiction.

       In a petition filed on September 11, 2009, Petitioner challenges his convictions in Kern County Superior Court for discharging a firearm in a grossly negligent manner (Cal. Penal Code § 246.3), shooting at an unoccupied aircraft (Cal. Penal Code § 247(a)), and being a felon in possession of a firearm (Cal. Penal Code § 12021(a)). See Shadden v. Galaza, case no. 1:09-cv-01610 JLT HC.[1] In the petition filed in the instant case on February 22, 2010, Petitioner challenges

---

[1] The Court takes judicial notice of the docket in case no. 1:09-CV-01610 BAK HC. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

the same convictions, raising essentially the same claims. The instant petition is therefore duplicative.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689.  First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion.  Id. Second, the court determines whether the defendants are the same or in privity.  Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005).  "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693.  The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action."  Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

Because the instant petition challenges the same convictions and raises the same claims as the petition currently pending in case number "1:09-CV-01610 JLT HC," the instant petition must be

U.S. District Court
E. D. California

2

1  dismissed as duplicative. To the extent Petitioner seeks to pursue his remedies with respect to the
2  underlying convictions, he must do so in the original case.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED as duplicative; and

2) The Clerk of Court is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

**Dated:**    **March 18, 2010**                             /s/ Sandra M. Snyder
                                                             UNITED STATES MAGISTRATE JUDGE